No.——

First Circuit

---

TEN DAY GROCERY CO., INC., v. J. E. SMOOT & COMPANY

---

(June 12, 1928.   Opinion and Decree.)
(June 30, 1928.   Rehearing Refused.)

---

*(Syllabus by the Editor)*

1. **Louisiana  Digest—Payment—Par.  17, 18; Evidence—Par. 150.**

Where draft on third party in payment of debt to plaintiff had not been paid, letter from defendant to plaintiff asking for time and assuring him that he would be protected in the matter is an acknowledgment of the debt and implied a waiver of any defense of payment.

Appeal from the Parish of Livingston. Hon. Columbus Reid, Judge.

Action by Ten Day Grocery Company, Inc., against J. E. Smoot and Company.

There was judgment for defendant and plaintiff appealed.

Judgment reversed.

Rownd & Warner, of Hammond, attorneys for plaintiff, appellant.

Carroll Buck, of Amite, attorney for defendant, appellee.

MOUTON, J. In payment of an account due by defendant company to plaintiff company, the former drew a sixty-day acceptance draft on the Columbia Box Factory of New Orleans. This draft was endorsed by plaintiff company and was turned over to the First State Bank & Trust Company of Hammond, where plaintiff received credit for the amount of the draft.

The Columbia Box Factory, the drawee, not long after went into the hands of a receiver, the bank was unable to collect the draft, and brought suit for its collection against Smoot & Company, defendant herein. The demand of the bank in that suit was rejected. The amount of the draft was charged back by the bank to the account of plaintiff herein, which has instituted this suit against Smoot & Company for $399.33, the amount of the draft.

The bank in its suit against the Smoot Company made special reservation of its rights against plaintiff company which had no connection with the suit of the bank against Smoot, and which cannot be affected by the judgment therein rendered. This suit must therefore be decided on the contested issues between plaintiff and defendant herein.

In its petition after giving the history of the transaction upon which its demand is grounded, plaintiff alleges that upon learning that the draft had not been paid by the Columbia Box Factory, it notified J. E. Smoot & Company of the fact, and that under date of March 7, 1921, said company acknowledged the indebtedness in writing, promised to pay it, if given ample time, and without any legal action on the part of the petitioner.

The question as to whether the debt was acknowledged depends for its solution on the proper construction of a letter of plaintiff to defendant of March 4, 1921. The letter of plaintiff to defendant of March 4th is as follows:

"We have just been advised by First State Bank and Trust Company they have been forced to turn item of $399 and few cents over to their attorney for collection. This paper you sent us as part payment on amount due this company and the same was discounted to them. We regret to note that they are taking such action and thought you would appreciate having the matter brought to your attention giving you opportunity of forwarding voucher covering, making it unnecessary that the matter should be carried further and judgment rendered against your good company."

The defendant's answer to that letter is as follows in the letter of March 7, 1921:

"We acknowledge receipt of yours of March 4th in reference to the First State Bank & Trust Company matter.

"We were very much surprised ourselves to learn that these people had taken this action, as we think was entirely uncalled for. This paper was due on December 27th, and the first we knew of same not having been paid was when we received a letter from the bank about the middle of January. In the meantime this concern had gone into the hands of a receiver owing us $1200.00 or $1500.00 besides this amount. Had we known that this paper had not been paid as we should have, we not only might have been able to protect ourselves on this item, but also the rest of the account, and we think the bank has been very negligent in this matter. We are not attempting to saddle our bad luck on your company, but feel that under the circumstances we should be given ample time to take care of this matter without any legal action on your part, as through your or the bank's inattention to the matter, puts you partly to blame.

"Please let us hear from you, and we will be very glad to protect you in this matter provided we can have a little time to do so."

It is plain that defendant had always acknowledged its debt of $399 to plaintiff, as it had given its draft to plaintiff for that amount drawn on the Columbia Box Factory. It again acknowledged the debt in its letter of March 7, 1921. In that letter besides the acknowledgment, defendant says that about the middle of January it had received a letter from the bank saying that the draft had not been paid. The defendant also says in that letter that the bank has been "Very negligent in this matter," and also states that plaintiff is also "partly to blame." The bank was charged with negligence, and plaintiff was also blamed in part. Defendant was fully aware of what had occurred, and in spite of its complaints, says "but feel that under the circumstances we should be given ample time to take care of this matter without any legal action on your part." In the concluding lines of the letter, defendant says: "Please let us hear from you and we will be very glad to protect you in this matter, provided we can have a little time to do so."

Evidently defendant was asking for time to settle the debt. It is true it did not use the words to settle or pay, but the letter would be without meaning if that were not what was meant by the language used in the letter.

The waiver of any defense against the payment of the debt if not expressed, was certainly implied under the terms of that letter. Plaintiff is entitled to recover for the amount claimed.

It is therefore ordered, adjudged and decreed that the judgment be reversed. And it is further ordered and decreed that plaintiff have judgment against defendant in the sum of three hundred and ninety-nine and 23-100 dollars ($399.23) with legal interest thereon from October 27, 1920, until paid, with cost of court.